JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| ADRIEN JOSEPH SOTOMAYOR, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> THE PEOPLE OF THE STATE ) <br> OF CALIFORNIA, ) <br> ) <br> Respondent. ) | Case No. ED CV24-02057-SVW (AS) <br><br> **ORDER OF DISMISSAL** |

**I. BACKGROUND**

On September 23, 2024, Adrien Joseph Sotomayor, ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). (Dkt. No. 1). Petitioner challenges his 2020 conviction, in Riverside County Superior Court (Case No. BAF1800077), for voluntary manslaughter, attempted voluntary manslaughter, and the imposition of a gun enhancement and a prior strike enhancement at sentencing. (See

Petition at 2). The Petition alleges the following grounds for federal habeas relief: (1) ineffective assistance of counsel; (2) the trial court's evidentiary rulings and prosecutorial misconduct; and (3) an excessive, disproportionate, and unlawful sentence (Petition at 3, 37, 69, as paginated on the Court's electronic docket).

On April 24, 2023, Petitioner filed a federal habeas petition pursuant to 28 U.S.C. § 2254 in United States District Court for the Central District of California, <u>Sotomayor v. The People of the State of Calfornia</u>, case no. EDCV 23-727-AS ("Sotomayor I")[1], in which he challenged the same 2020 conviction. On October 23, 2024, the Court denied the petition and entered judgment dismissing the action with prejudice. (See Sotomayor I; Dkt. Nos. 22-23).

**II.   DISCUSSION**

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in previous petition. <u>Cooper v. Calderon</u>, 274 F.3d 1270, 1273 (9th Cir. 2001)(per curiam). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in

---

[1] The Court takes judicial notice of Sotomayor I and the filings therein. <u>See</u> Fed. R. Evid. 201; <u>Harris v. County of Orange</u>, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

2

pertinent part that:

>    (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.
>    (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>    (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.
>    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>    (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>    (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>    (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>    (E) The grant or denial of an authorization by a court of appeals to file a second or successive

>     application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.
>         (4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.  28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court.  The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court.  § 2244(b)(3)(A)."  Felker v. Turpin, 518 U.S. 651, 657(1996).

The instant Petition and the prior habeas action (Sotomayor I), challenge Petitioner's custody pursuant to the same 2020 judgment entered by the Riverside County Superior Court.  Accordingly, the instant Petition, filed on September 23, 2024, well after the effective date of the AEDPA, is a second or successive habeas petition for purposes of 28 U.S.C. § 2244.  Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition.  See 28 U.S.C. §2244(b)(3)(A).

Moreover, the claims asserted in the instant Petition do not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claims are not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme

4

1  Court, that was previously unavailable." Tyler v. Cain, 533 U.S.
2  656, 662 (2001). However, this determination must be made by the
3  United States Court of Appeals upon a petitioner's motion for an
4  order authorizing the district court to consider his second or
5  successive petition. 28 U.S.C. § 2244(b); see Burton v. Stewart,
6  549 U.S. 147, 157 (2007) (where the petitioner did not receive
7  authorization from the Court of Appeals before filing second or
8  successive petition, "the District Court was without jurisdiction
9  to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100,
10 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set
11 forth in § 2244(b) requires the permission of the court of appeals
12 before 'a second or successive habeas application under § 2254'
13 may be commenced.").

15    Because there is no indication that Petitioner has obtained
16 authorization from the Ninth Circuit Court of Appeals, this Court
17 cannot entertain the present Petition. See Burton v. Stewart, 549
18 U.S. at 157; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in
19 play, the district court may not, in the absence ofproper
20 authorization from the court appeals, consider a second or
21 successive habeas application.'")
22 ///
23 ///
24 ///
25 ///
26 ///

## III. ORDER

ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: December 6, 2024

_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Presented by:

\_\_\_\_/ s / Sagar_____
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE